**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EMILE GOUDEAU, JR.,

      Petitioner - Appellant,

v.

HOWARD RAY,

      Respondent - Appellee.

No. 97-5247

(N.D. Oklahoma)

(D.C. No. 97-CV-943-TCK)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **MCKAY** , and **LUCERO** , Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

    Emile Goudeau, Jr., an Oklahoma state prisoner appearing pro se, seeks to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

habeas corpus. Because Goudeau filed his § 2254 motion after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), he must obtain a certificate of appealability before he can appeal the district court's denial. See 28 U.S.C. § 2253(c)(1)(A). We deny the certificate of appealability and dismiss the appeal.

## BACKGROUND

During 1994 and 1995, Goudeau was charged with Possession of Marijuana with Intent to Distribute, Failure to Obtain a Drug Stamp, Possession of a Firearm After Former Conviction of a Felony, and DUI. [1] According to his pleadings, initially, he was represented by privately retained counsel, but "for reasons of his poverty [he] was forced to request representation from the Public Defender's office." Pursuant to Goudeau's request, the court appointed a public defender to represent him on all charges. R. Vol. I, Tab 1, Attach. 1. Goudeau soon became dissatisfied with his public defender and moved to dismiss her and have new counsel appointed, but the Oklahoma trial court denied his motion. Id.

On several occasions prior to trial, Goudeau's counsel recommended that he accept a plea bargain; on each occasion he refused. Finally, on the day of trial,

---

[1]The charges were made in two separate cases. The 1995 case involved the drug violations, and the 1994 case involved the gun and DUI violations.

he pleaded guilty, following which he was convicted and sentenced to three 20-year terms and one 7-year term, all to run concurrently. After his conviction, Goudeau filed a timely pro se motion to withdraw his guilty plea, and he "hired private counsel, Jim Goodwin, to represent him on the motion."[2] R. Vol. I, Tab 1 at 15.[3] According to his brief in support of the motion, Goudeau claimed to have entered his guilty plea under coercion, duress, and with ineffective assistance of counsel. Id., Tab 1, Attach. 1. The court denied Goudeau's motion, at which time private counsel "abandoned" Goudeau. Id., Tab 1 at 15.

Thereafter, Goudeau filed a timely Notice of Appeal with the Oklahoma Court of Criminal Appeals.[4] During this time, Goudeau enlisted the assistance of a fellow inmate, Robert Wirtz, Jr., who, although not an attorney, considered himself a "jail law clerk." According to Goudeau's habeas petition, Wirtz wrote to the Clerk of the Oklahoma Court of Criminal Appeals, and he received forms and written instructions regarding how and when the full petition in error should be filed. Id., Tab 1 at 15. Relying on his interpretation of the instructions, i.e.,

---

[2]We infer that Goudeau dismissed his public defender.

[3]This is the first page of the "Complete Case History" attached to Goudeau's petition. For ease of reference, we have consecutively numbered the pages of Goudeau's petition and attached pages.

[4]Presumably, Goudeau intended to make the same assertions on appeal that he had made in his motion. However, the record does not contain copies of the Notice of Appeal or of the Petition in Error.

that pleadings would be considered filed the date of the postmark, not the date received, [5] Wirtz mailed Goudeau's pro se petition in error on January 3, 1996, one day before the expiration of the ninety day filing period for criminal appeals. A few days later, Wirtz telephoned the Oklahoma appellate court to make certain that the petition had been filed. At that time, he was told that the petition had been filed on January 8, 1996, and that it would be considered untimely. He was further informed that the postmark rule applies only in civil cases, while in criminal cases, filings are deemed filed when received, not when sent.       Id.

Wirtz then filed a combined motion and affidavit with the Oklahoma Court of Criminal Appeals, in which he set forth the claim of misleading instructions and urged acceptance of the petition as timely when mailed. The Oklahoma Court of Criminal Appeals refused to consider the motion, since Goudeau, who was proceeding pro se, did not sign it, and Wirtz, who was not a licensed attorney,

---

[5]Both Wirtz and Goudeau take this instruction out of context. As more fully set forth, the instructions refer to an enclosed form, provide information about fees and copies, and then instruct the appellant as follows:

> 5. Mail it [the form] in time for us to receive it on or before <u>thirty days</u> from the date the judgment was filed, or
>
> 6. Mail it certified, return receipt requested with the post office purple cancellation stamp on the front of the package. Make sure the post office stamps it in front of you. <u>If you mail it this way, it will be considered filed when you mailed it, not filed when we get it.</u>

R. Vol. I, Tab 1, Attach. 2 (emphasis added).

was not authorized to sign pleadings. The court then dismissed Goudeau's appeal as untimely. Goudeau, still assisted by Wirtz, tried to pursue his appeal further in the Oklahoma state court system, but found it dismissed on procedural grounds at every turn.

The federal district court dismissed Goudeau's § 2254 habeas petition for similar reasons, holding that federal courts may not consider habeas claims which the state's highest court refused to hear because of an adequate and independent state procedural defect. Goudeau now seeks to appeal that decision, and in addition to his opening brief, he has filed a motion to supplement his argument with more specific authority related to ineffectiveness of his retained counsel who "abandoned" him.

## DISCUSSION

Habeas petitioners, such as Goudeau, are entitled to a certificate of appealability only if they can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The district court correctly stated that the doctrine of procedural default prohibits a federal court, on habeas review, from considering claims which the state's highest court declined to reach because of an adequate and independent state procedural defect, unless the habeas petitioner can meet the "cause and

prejudice" standard set forth by the Supreme Court. See Coleman v. Thompson, 501 U.S. 722, 724 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). Under this standard, the petitioner must "demonstrate cause for the default and [that] actual prejudice" resulted therefrom. Coleman, 501 U.S. at 724.

Goudeau can show cause if he can demonstrate that "some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray, 477 U.S. at 488. Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. Ineffectiveness of counsel can also satisfy the cause and prejudice requirement. See United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995).

In this case, Goudeau makes three arguments. The first two relate to cause: 1) that the misleading instructions from the Oklahoma state court clerk constitute "interference by state officials;" and 2) his "abandonment" by his retained counsel constitutes ineffectiveness. His third argument relates to the alleged denial of his constitutional rights—that the Oklahoma Court of Criminal Appeals violated his constitutional rights by failing to apply the Houston v. Lack mailbox rule to his case. See Houston v. Lack, 487 U.S. 266 (1988). None of his arguments has merit.

First, with respect to the clerk's instructions, the record clearly demonstrates that Goudeau did not follow or rely on them. That is, he ignored the

thirty day period set forth in the instructions (the applicable period for civil appeals), attempting instead to file within the ninety day period for criminal appeals. Moreover, he has made no showing that he mailed the appeal by certified, return-receipt-requested mail as explicitly required by the instructions.

Second, although Goudeau makes the conclusory statement that his private counsel "abandoned" him, his own recitation of the facts indicates that he hired him only to argue the motion. R. Vol. I, Tab 1 at 15. Moreover, Goudeau makes no claim that he was not advised about the advantages and disadvantages of appealing or about the existence of any meritorious grounds for an appeal. [6] In fact, it is undisputed that Goudeau understood and followed the requirements for initiating an appeal by filing a timely Notice of Appeal.

While an appointed attorney may not withdraw merely because he or she believes an appeal to be frivolous, see Anders v. California, 386 U.S. 738, 744 (1967), generally, court leave is not required when a privately retained attorney wishes to withdraw at the conclusion of trial. McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 437 (1988) ("When retained counsel concludes that an appeal would be frivolous, he or she has a duty to advise the client that it would be a waste of money to prosecute the appeal and that it would be unethical

---

[6]The Oklahoma court found that Goudeau had been fully advised of his right to appeal. R. Vol. I, Tab 1, Attach. 10 at consecutively numbered p. 42.

for the lawyer to go forward with it."). Notably, Goudeau makes no claim that he did not know how to seek appointed counsel for purposes of his appeal; certainly the fact that he had previously moved for the appointment of trial counsel suggests he was familiar with the procedure. [7] In effect, Goudeau argues that, even though he dismissed his state appointed trial counsel, and then chose not to seek appointment of new counsel for his appeal, he is entitled to claim ineffectiveness. However, he cites no authority for this proposition, and under the circumstances, we conclude that Goudeau has not demonstrated ineffectiveness.

Finally, with respect to his constitutional claim based on the Houston mailbox rule, "[t]he rationale of Houston was not constitutional or equitable in nature; rather, it was based on an interpretation of the word 'filed' in the rule . . . governing the timeliness of notices of appeal" under Fed. R. App. P. 4(a)(1). Jenkins v. Burtzloff, 69 F.3d 460, 461 (10th Cir. 1995). In this case, Goudeau's claimed error is premised on the Oklahoma court's interpretation of a state

---

[7]In fact, Goudeau did eventually move the court to appoint counsel to represent him, only to have his motion denied. However, the record clearly demonstrates that Goudeau's motion came months after his direct appeal was dismissed. R. Vol. I, Tab 1, Attach. 11 (Order dated November 5, 1996, apparently in connection with Goudeau's appeal of the denial of his application for post-conviction relief). The law is clear that denial of counsel at that stage of the proceedings does not violate the Sixth Amendment. See Coleman v. Thompson, 501 U.S. 722, 756 (1991) (noting that a defendant has no Constitutional right to counsel in state collateral proceedings).

procedural rule.  As we have repeatedly noted, a federal court may not conduct habeas review for alleged errors of state law.      Fero v. Kerby  , 39 F.3d 1462, 1474 (10th Cir. 1994) (citing    Estelle v. McGuire   , 502 U.S. 62, 67-68 (1991)).

We GRANT Goudeau's motion to supplement.  Because Goudeau has failed to make "a substantial showing of the denial of a constitutional right," we DENY the certificate of appealability and DISMISS the appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge
